UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PERRIER PARTY RENTALS, INC.**                          **CIVIL ACTION**

**VERSUS**                                                **NO. 07-3244**

**EVENT RENTAL, LLC**                                     **SECTION T(2)**

### ORDERS AND REASONS

Before the Court is a Motion for Preliminary Injunction, filed pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. §1116 on behalf of the Plaintiff, Perrier Party Rentals, Inc. ("Perrier"). This matter was submitted for the Court's consideration without oral argument on August 1, 2007. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.      BACKGROUND**

The parties to this action, Perrier and Event Rental, LLC ("Event Rental") are two event and party rental companies in the greater New Orleans area. Both companies operate websites designed to provide customers with information regarding the available services and reservations. Beginning in July 2000, Perrier registered and operated a website with the domain

name www.perrierpartyrentals.com, which is registered through Network Solutions, LLC, and is valid through 2010.  The home website operated by Event Rental has the domain name www.neworleansevent.com.  However, in August 2006, Event Rental also registered the domain name www.perrierpartyrental.com, which is extremely close to Perrier's protected name, only one letter removed.

Perrier claims that as a result of Event Rental's registration of the similar name, Perrier has lost, and continues to lose, customers and business.  As such, they have filed this Motion for Injunctive Relief with the Court.  Perrier requests that this Court enjoin the defendant from continuing to use the domain name www.perrierpartyrental.com, or from taking any other action which could infringe on the protected name and rights of Perrier.  Perrier also requests that this Court award it attorneys fees for the successful enjoining of Event Rental.

The defendant, without admitting liability, has agreed to immediately discontinue and refrain from using the domain name www.perrierpartyrental.com.  Consequently, the parties have agreed to the terms of the Preliminary Injunction Order with respect to all issues except for the amount of security.

**II.    LAW AND ANALYSIS**

FRCP 65(c) states, in pertinent part:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, **for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.** (emphasis added.)

The Fifth Circuit addressed the issue of security in *Kaepa, Inc. v. Achilles Corporation*,

76 F.3d 624 (5th Cir. 1996), where it stated:

> In holding that the amount of security required pursuant to Rule 65(c) 'is a matter of discretion of the trial court,' we have ruled that the court 'may elect to require no security at all.'

*Kaepa, Inc.*, 76 F.3d at 628 (citing *Corrigan Dispatch Company v. Casa Guzman*, 569 F.2d 300, 303 (5th Cir. 1978).

The defendants ask the Court to set security in the amount of $3,000.00.  The Court agrees with plaintiff's argument that the very nature of a consent preliminary injunction is that both parties have agreed to it and, therefore, it cannot be wrongfully entered into.  As the amount of security to be posted, if any, is at the discretion of the Court, this Court finds that the plaintiff is not required to post security in any amount.[1]

Perrier's injunction also requests attorneys' fees and costs.  After reviewing the arguments of the parties, the Court record, the law and applicable jurisprudence, this Court finds that Perrier is entitled to costs and the same are taxed against the defendant.  Regarding Perrier's request for attorneys' fees,  Perrier has not presented documentation to this Court relating to the amount of attorneys' fees incurred in bringing this matter before the Court.  As such, the Court denies the request for attorneys' fees at this time.

Accordingly,

**IT IS ORDERED** that Perrier is not required to post security in any amount.

---

[1] As this is a Motion for Preliminary Injunction, the Court will not address the arguments raised by the defendant regarding the merits of the case.

**IT IS FURTHER ORDERED** that Perrier's request for costs is **GRANTED.**

**IT IS FURTHER ORDERED** that Perrier's request for attorneys' fees is **DENIED**.

New Orleans, Louisiana, this 7th day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.